UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CIVIL ACTION NO. 08-1159-JTM

MICHAEL J. McNAUL, II, DALE C. LUCAS, GREGG KRAUSE, LLOYD F. NUNNS, RUSSELL W. KILGARIFF, STEVEN L. TALLMAN, FREDDIE J. HEMBREE, RAYMOND L. LEONARD, JR., MIDWESTERN NATURAL GAS, INC., and MARK DuBOISE

Defendants,

and

ALLIANCE LEASING, LLC, CONSOLIDATED MANAGEMENT GROUP, LLC, GOLDEN BELT TRANSPORTATION, LLC, GARNER MANAGEMENT, LLC, FORREST ENERGY, LLC, WARREN DRILLING, LLC, WARRICK DRILLING, LLC, PAWNEE IRON WORKS, LLC, MID KAN OPERATING, LLC, T&D OIL SERVICE, LLC, CONSUMER INFORMATION NETWORK, INC., SANTA FE TRAILS LEASING, LLC, SUMMIT LEASING, LLC, and WARREN ENERGY, INC.

Relief Defendants.

STIPULATION AND ORDER THEREON

This matter comes before the Court in response to the Motion to Compel Turnover of Records [Docket

1

1 #169] and Motion to Disgorge [Docket #170]. And the parties, through undersigned counsel stipulate and

2 agree as follows:

3 1. Edward J Nazar is the duly appointed Receiver of the above-captioned case, appointed on May 29,

4     2008.

5 2. On or about May 28, 2008, the plaintiff, Securities Exchange Commission ("SEC"), filed a

6     complaint in the United States District Court for the District of Kansas captioned, *Securities and*

7     *Exchange Commission v. Michael M. McNaul, II, et al.*, Case No. 08-1159-JTM (the "SEC

8     Lawsuit").

9 3. In the SEC Lawsuit on May 29, 2008, Edward J. Nazar (hereinafter "Receiver") was appointed

10     Receiver of the assets of the defendants, the relief defendants and the various joint ventures

11     (hereinafter referred to as "Consolidated Entities").  Energy, Inc.

12 4. In the SEC Lawsuit, the Receiver's duties provide for the overall management and operation of the

13     entities, the potential liquidation and sale of the entities, litigation and collection of assets, claims

14     and monies owed, and the analysis of the enterprise value and potential sale prospects.

15 5. Raymond L. Leonard, Jr. (the "Defendant" or "Leonard"), is a resident of the state of California, and

16     was served at 25468 Nellie Gail Rd., Laguna Hills, California 92653-6308.

17 6. Evan R. Leonard is the son of Raymond L. Leonard, Jr. and is the named President and  a

18     shareholder of Consumer Information Network, Inc., a relief defendant in the SEC Lawsuit. Evan

19     R. Leonard was served, in his capacity as an officer of Consumer Information Network, Inc. at his

20     residence, 25468 Nellie Gail Rd., Laguna Hills, California 92653-6308 (the "Residence").

21 7. Evan R. Leonard is a 24 year old son of Raymond L. Leonard, Jr.  Evan R. Leonard is alleged to be

22     the nominee owner of Consumer Information Network, Inc. ("CIN"). CIN received sums of at least

23     $4,353,477.08 from the defendants, relief defendants and joint ventures of this receivership.  Evan

24     R. Leonard is also alleged to be the nominee owner of the Residence.  The SEC and the Receiver

25     allege that Defendant Raymond L. Leonard. Jr. is the true owner of CIN and the Residence.  Evan

26     R. Leonard neither admits nor denies said allegations but in the interest of justice and settlement of

2

1   outstanding claims agrees to relinquish any ownership rights in the assets of CIN or the Residence

2   and to assist the Receiver in the disposition of those assets and voluntarily turnover the proceeds

3   from those assets to the Receiver.

4   8.   At the inception of the receivership, a sum of $31,894.19 remained in the account(s) of CIN at Wells

5   Fargo Bank, NA and $106.89 at Nevada State Bank.

6   9.   The Receiver has requested information concerning the assets of CIN and Evan R. Leonard and all

7   entities or companies of which he participates, has known or has an actual interest. To date the

8   parties have conducted a telephone interview with Evan R. Leonard regarding the assets of CIN and

9   Evan R. Leonard.  Evan R. Leonard has agreed to cooperate with the Receiver in providing financial

10   information concerning CIN and to assist the Receiver in liquidating CIN, or CIN related assets and

11   voluntarily turnover the proceed from the sale or liquidation of those assets to the Receiver.

12   THE PARTIES FURTHER STIPULATE AND AGREE

13   10.   Evan R. Leonard without admitting or denying the allegations in the Complaint will produce the

14   following information and documents in his possession, custody and control:

15   a.   All income statements and balance sheets of CIN from January 1, 2004 to the present;

16   b.   All bank account records, including cancelled checks of CIN;

17   c.   The trial balance, cash disbursement logs, and payable records of CIN from 2004 to the

18   present;

19   d.   Copies of tax returns for CIN for 2004 to the present;

20   e.   Copies of personal tax returns of Evan Leonard for the year 2004 to the present;

21   f.   Completion of the attached information sheet utilized by the Securities and Exchange

22   Commission concerning the existence of assets and liabilities;

23   g.   Copies of all financial statements granted by CIN to any financial institution for the years

24   2004 to the present;

25   h.   Copies of all bank statements and canceled checks of CIN  for the years 2004 to the

26   present;

27   3

I.    Copies of the Articles of Organization, Articles of Incorporation, Bylaws and Operating Agreements of CIN

j.    Copies of titles/registrations to all motor vehicles wherein CIN is/was an owner for the years 2004 to the present;

k.    Copies of titles/registrations to all motor vehicles wherein Evan R. Leonard is/was an owner for the years 2004 to the present;

l.    Copies of all insurance policies in which Evan R. Leonard is a named insured, beneficiary or hold an insurable interest for the years 2004 to the present, including, but not limited to all liability, casualty and property insurance, including riders and life insurance policies;

m.    Copies of all loans, security agreements and documents of perfection pertaining to any secured loan of Evan R. Leonard for the years 2004 to the present.

n.    The production of such items shall be produced within fourteen (14) days of the entry of this order.

THE UNDERSIGNED FURTHER STIPULATE AND AGREE:

11.    Evan R. Leonard without admitting or denying the allegations in the Complaint will produce the following information and documents in his possession, custody and control:

a.    The Residence shall be deemed to be property of the receivership estate and pursuant to a Grant Deed, substantially in the form of Exhibit A attached hereto, title shall be transferred under this Order in the name of a buyer approved by the Receiver, free and clear of any claim of Raymond L. Leonard Jr., Evan R. Leonard, Danette M. Leonard or any other claimant.

b.    The Receiver shall be deemed to have custody, control and possession of the Residence legally described as Lot Number 254; Tract 9296; city/Municipal Township; Laguna Hills MPA; MO466 PG5-18 and shall pursuant to Order of the Court, sell the Residence in a commercially reasonable manner or allow Evan R. Leonard to convey the Residence. pursuant to an escrow approved by the Receiver.

4

c.   All net proceeds of sale, after payment of liens and reasonable costs of sale, shall be distributed at closing to the Receiver in satisfaction of any claim the Receiver may have against Evan R. Leonard and CIN along with the automobile described in this subparagraph.. The resulting equity from the sale of the Residence and surrender of the automobile shall deemed a product of the activities of CIN and shall be found to be an asset of the receivership estate and available to the 1,300+ investors, creditors, defendants and relief defendants.   Evan Leonard will further surrender to the Receiver and/or his agents a 2005 M55 Mercedes motor vehicle, California License No. ENTIZY, VIN WDDDJ76X76A057140  for liquidation and sale.   Evan R. Leonard will convey the vehicle by endorsing the title conveying the vehicle to the Receiver.   Evan R. Leonard represents and warrants that this vehicle is free and clear of liens and encumbrances to the best of his actual knowledge.

d.   Any alleged interest of Raymond L. Leonard, Jr. and/or Danette M. Leonard in the Residence shall be found to be an asset of the receivership estate and available for liquidation.

12.   The SEC does not oppose this Stipulation and Order.

13.   The parties further agree Evan Leonard will provide a statement to the Receiver at the offices of Jerome Busch on either March 30, 2008 and/or March 31, 2008 or April 2, 2009 and/or April 3, 2009 or at such date(s) as the parties may subsequently agree.

IT IS SO ORDERED this 17th day of March, 2009.


 s/ J. Thomas Marten
J. Thomas Marten
UNITED STATES DISTRICT JUDGE

5

1    APPROVED AS TO FORM AND CONTENT BY:

2    REDMOND & NAZAR, L.L.P.

3    /s/Edward J. Nazar
     Edward J. Nazar, #09845
4    Attorney for Receiver
     245 North Waco, Suite 402
5    Wichita, KS 67202-1117
     316-262-8361 - Telephone
6    316-263-0610 - Facsimile
     ebn1@redmondnazar.com

7

8    CASE, MOSES, ZIMMERMAN & WILSON, P.A.

9    /s/David H. Moses
     David H. Moses, #10239
10   Attorney for CIN
     200 West Douglas, Suite 900
11   Wichita, KS 67202
     316-303-0100 - Telephone
12   316-265-8263 - Facsimile
     dmoses@cmzwlaw.com

13

14   SECURITIES AND EXCHANGE COMMISSION

15   /s/TOBY M. GALLOWAY
     Toby M. Galloway, Texas Bar No. 00790733
16   Fort Worth Regional Office
     801 Cherry Street, 19th Floor
17   Fort Worth, TX 76102
     817-978-6447 - Telephone
18   817-978-4927 - Facsimile
     gallowayt@sec.gov

19

20   VOGT & RESNICK, LLP

21   /s/Jerome A. Busch
     Jerome A. Busch, California Bar No. 97317
22   Attorney for Evan Leonard
     4400 MacArthur Blvd., Suite 900
23   P.O. Box 7849
     Newport Beach, CA 92658-7849
24   949-851-9001 - Telephone
     949-833-3445 - Facsimile
25   jbusch@vogt-resnick.com

26

27                                          6