# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) Case No. 08-1159-JTM |
| MICHAEL J. McNAUL, II, *et al.,* | ) ) ) |
| Defendants, | ) ) |
| CONSOLIDATED MANAGEMENT GROUP, LLC, *et al.*, | ) ) ) |
| Relief Defendants | ) ) |
| _____ | ) |

## ORDER TO SHOW CAUSE

On January 28, 2009, counsel for the Receiver issued a business records subpoena to obtain documents from Baker & McKenzie, LLP, relating to that law firm's representation of the Defendants and Relief Defendants, including invoices, bills, and payment information. (Doc. 319.) On February 4, 2009, counsel for Defendants filed a one sentence Motion to Quash Subpoena, arguing only that the documents should not be produced "based upon the attorney/client privilege as all materials sought are subject to that privilege." (Doc. 340.)

1

On February 17, 2009, counsel for the Receiver filed a Motion to Strike Defendants' Motion to Quash, arguing that Defendants' motion did not comply with the District Court's duty to confer under D. Kan. Rule 37.2 and that they failed provide sufficient information for the Court to determine whether the privilege applies. (Doc. 356, at 4-5.) The Receiver also argued that Defendants have no standing to assert the attorney-client privilege because the privilege passed to the Receiver when he displaced Defendants as the new corporate manager. (*Id.*, at 6.)

In a response with little or no substantive discussion, and which cited no legal authority, Defendants contended that any information sought other than amount of legal fees collected by Baker & McKenzie is irrelevant. (Doc. 387, at 1-2.) Defendants also contend that Baker & McKenzie "represented the individual defendants as well as the relief defendants." (*Id.*, at 2.) Although the specific argument as not made, the Court infers Defendants are arguing that this gives them standing to assert the privilege because they were individually represented by the law firm in question.

Defendants' briefing did not, however, address the issue of whether they sustained their duty to confer. The local rules for the District of Kansas unequivocally state that

> [t]he court will **not** entertain . . . a motion to quash or
> modify a subpoena . . . unless counsel for the moving
> party has conferred or has made reasonable effort to
> confer with opposing counsel concerning the matter in
> dispute prior to filing of the motion.

D. Kan. Rule 37.2 (emphasis added). There is no evidence before the Court indicating that Defendants made any effort to confer with counsel for the Receiver prior to filing their Motion to Quash.[1] The only relevant communication by Defendants was a letter from defense counsel to Baker & McKenzie requesting that the law firm not produce documents pursuant to the subpoena; the Receiver was simply copied on this letter. (Doc. 356-3.)

This does not constitute a "reasonable effort to confer," which requires "more than mailing or faxing a letter to the opposing party." D.Kan. Rule 37.2. Rather, "[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate or in good faith attempt to do so." *Id*. The letter in question was not even addressed to the Receiver, nor did it invite him to contact defense counsel to discuss the dispute.

Further, Defendants did not address the issue of whether they provided sufficient information regarding the allegedly privileged nature of the documents.

---

[1] Additionally, Defendants' motion does not include a certificate of compliance. D. Kan. Rule. 37.2.

Pursuant to Fed. R. Civ. P. 45(d)(2),

> [a] person withholding subpoenaed information under a claim that it is privileged . . . must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Thus, it is the burden of the party asserting the privilege to make a "clear showing" that the privilege applies, "describ[ing] in detail" the allegedly protected documents and providing "precise reasons" for objecting to their discovery. ***White v. Graceland College Center for Prof. Dev. & Lifelong Learning, Inc***., 586 F.Supp.2d 1250, 1267-68 (D.Kan. 2008) (internal citations omitted). Further, the objecting party "must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied." *Id*.

As stated previously, Defendants state only that the documents should not be produced "based upon the attorney/client privilege as all materials sought are subject to that privilege." (Doc. 340.) There is no description, analysis or discussion of the nature of the documents being withheld. Defendants have made no more than a "blanket claim" of privilege and this is insufficient to satisfy their

4

burden of proof.  *White*, 586 F.Supp. at 1268.  Thus, the Court has no way of determining whether any privilege applies to any of the documents being withheld.

Defendants therefore, shall have **20 (twenty) days** from the date of this order to show cause as to why their Motion to Quash should not be denied for failure to comply with D.Kan. Rule 37.2 and Fed. R. Civ. P. 45(d)(2).[2]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 1st day of May, 2009.

    s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[2] Should Defendants' Motion to Quash be denied, Plaintiff's Motion to Strike Defendants' Motion to Quash (Doc. 356) shall be denied as moot.  The Court thus reserves its ruling on Plaintiff's Motion to Strike.