IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>   *Plaintiff*,<br>vs.<br>MICHAEL J. McNAUL, II, *et al.*,<br>   *Defendants*,<br>CONSOLIDATED MANAGEMENT GROUP, LLC, *et al*,<br>   *Relief Defendants*. | Civil Action No. 08-1159 JTM-DWB |

### ORDER GRANTING RECEIVER'S CONSOLIDATED MOTION (DOC. 500)

This matter comes before the Court on the Receiver's Consolidated Motion and Memorandum ("Receiver's Motion") (Doc. 500), which seeks:

(a) to Amend "Receiver's Motion for Order to Disgorge Investor Funds From Layla Hamidich and LH International, Inc. and Memorandum (No. 03-017)" (Doc. 408) and

(b) to Strike "LH International, Inc. and Layla Hamidieh's Motion to Quash Dated 5-7-09 For Improper Service, Insufficiency of Process, and Lack of Jurisdiction" (Doc. 477). The Receiver, Edward J. Nazar, appears by and through his counsel, Aaron K. Johnstun of Redmond & Nazar, L.L.P. There are no other appearances. After reviewing the file, the Court makes the following findings and orders:

1. Receiver's Motion along with a supporting memorandum was filed and served on the Layla Hamidieh and LH International, Inc. on or about May 22, 2009. (Doc. 500).

2. After notice and opportunity, no party in interest has objected to or otherwise replied to the Receiver's Motion, and the time for response has expired. *See* D. Kan. Rule 6.1(d)(1).

Therefore, the motion may be considered and decided as an uncontested motion.  *See* D. Kan. Rule 7.4.

3. The Receiver's Motion to amend should be, and hereby is, GRANTED, and the Receiver shall file with the Clerk of the Court the  "Receiver's Amended Motion to Disgorge Investor Funds from Layla Hamidieh and LH International, Inc. and Memorandum in Support Thereof (ISO Disgorgement Motion No. 03-017)" in the form attached to the motion within ten (10) days from the date of this Order.

4. LH International, Inc. filed a Motion to Quash and reply to "Receiver's Motion for Order to Disgorge Investor Funds From Layla Hamidich and LH International, Inc. and Memorandum (No. 03-017)" on May 8, 2009.  (Doc. 477).  That pleading was signed by Layla Hamidieh on behalf of LH International, Inc.  (*Id.*)   Any pleadings filed on behalf of a corporation must be signed by an attorney authorized to practice law in this district.  *See* Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006), *cert denied*, 127 S.Ct. 1334 (2007).  Layla Hamidieh is not an attorney authorized to practice law in this district.  Therefore, LH International, Inc.'s "Motion to Quash Dated 5-7-09 For Imprper [sic] Service, Insufficency [sic] of Process, and Lack of Jurisdiction" (Doc. 477) is hereby STRICKEN.  *See* U.S. ex.rel. Quality Trust, Inc. v. Cajun Contractors, Inc., No. 04-4157-SAC, 2008 WL 410121 at * 5 (D. Kan., Feb. 13, 2008).

**IT IS SO ORDERED.**

Dated this 6th day of August, 2009.

   s/   DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge