IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

       vs.

MICHAEL J. McNAUL, II, *et al.*                          Case 08-1159-JTM

       Defendants

       and

CONSOLIDATED MANAGEMENT GROUP, LLC, *et al*

       Relief Defendants

MEMORANDUM AND ORDER

Presently before the court is Receiver Edward J. Nazar's (Receiver's) motion to

determine Wells Fargo Bank, N.A. (Wells Fargo) and First American Loanstar Trustee Services

(LoanStar) in contempt upon deed of trust sale of property located at 25468 Nellie Gail Road,

Laguna Hills, California 92653 (Nellie Gail Property) (Dkt. No. 494), and Wells Fargo's request

for declaratory relief that its rights to the outstanding balance of the Note secured by the Deed of

Trust (Note) on the Nellie Gail Property have not been altered, and for the Receiver to keep the

Note current during the deliberations (Dkt. No. 535).  For the following reasons, the court denies

the Receiver's motion and Wells Fargo's request.

## I. Background

This is a complex lawsuit with many defendants.  On May 28, 2008, Raymond L

Leonard, Jr. (Leonard) was named a defendant in this lawsuit and Consumer Information

Network, Inc. (CIN) was named as a relief defendant. Leonard is the president and shareholder of CIN. The court issued an Order Appointing Receiver as to Defendant Leonard and Relief Defendant CIN, giving the court exclusive jurisdiction and possession of the assets of Leonard and CIN, and appointing Edward J. Nazar as the receiver (Dkt. No. 16). The Order Appointing Receiver also enjoined all persons who received notice of the order from interfering with the operation of the receiver. Included in the assets under the control of the Receiver is the Nellie Gail Property owned by Leonard, which was relinquished to the court on March 17, 2009. The Receiver has hired a real estate agent to sell the property, anticipating it will sell at the appraised value of $2.15 million.

To purchase the Nellie Gail Property, Leonard used investor funds and borrowed $1.8 million from Wells Fargo secured by a deed of trust on the property. Wells Fargo received the Order Appointing Receiver by fax on June 25, 2008. However, it claims that the order received only requested information on an account holder and CIN, and was unrelated to the Nellie Gail Property.

As of December 2008, the payments on the Nellie Gail Property have been overdue. On March 26, 2009, Wells Fargo mailed a Notice of Default and Election to Sell Under Deed of Trust concerning the Nellie Gail Property to Leonard through LoanStar. After LoanStar did a title search on the property, it sent a copy of the Notice to the Receiver on April 22, 2009. The Receiver filed this motion to hold Wells Fargo and LoanStar in contempt for violating the Order Appointing Receiver in response to the Notice. At this time, Wells Fargo has not planned a foreclosure sale due to the pendency of the motion.

The Receiver argues that he has exclusive control over the assets in the receivership estate without interference from creditors.  Thus, as Wells Fargo received a copy of the Order Appointing Receiver, Wells Fargo is enjoined from selling Nellie Gail Property.  Wells Fargo and LoanStar respond that they did not receive adequate notice that the property was covered by the court's order, and thus did not intentionally violate the injunction.  Additionally, Wells Fargo argues that it should receive declaratory relief because if the receiver has control over the property, he should satisfy the mortgage obligations.

## II. Analysis

### A.  Receiver's Motion to Hold Wells Fargo and LoanStar in Contempt

 When a receiver has been appointed by the court, "his possession is the possession of the court, for the benefit of the parties to the suit and all concerned, and cannot be disturbed without the leave of the court; and that if any persons without leave, intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishments therefore." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 552 (6th Cir. 2003) (citing *In re Tyler*, 149 U.S. 164, 182 (1893)).   In a civil contempt case, the plaintiff bears the burden of proving by clear and convincing evidence that (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order.  *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

### 1.     A Valid Court Order Existed

Rule 65(d) of the Federal Rules of Civil Procedure provides that every order granting an injunction "shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained."  This rule guides a court's

determination of the validity of an order enforced on a non-party. *Reliance*, 159 F.3d at 1315-16.

The Receiver argues that the court's Order Appointing Receiver is valid and unequivocally enjoins any creditors or third parties from interfering with the Receiver's management of the receivership assets. Wells Fargo responds that the language of the order is ambiguous as to who the injunction applies to, and that it makes no mention of Leonard or Nellie Gail Property.

The language of the order at issue states:

> All persons, including but not limited to the Defendant and Relief Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice . . . are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets.

Rule 65(d) requires only a reasonable explanation of the enjoined conduct. *Reliance*, 159 F.3d at 1316. Thus, it is not required that an injunction identifies by name every party to which it applies. *Id.* In this case the court finds that the Order Appointing Receiver is valid as it describes in detail the parties it pertains to, including non-parties and the conduct it sought to enjoin.

### 2.      *Defendant Had Knowledge of the Order*

Rule 65(d) provides that the injunction is only binding upon the parties and persons that are in active participation with the parties who receive actual notice of the order. The receiver argues that Wells Fargo received the order, and thus is enjoined from foreclosing on the mortgage. Wells Fargo responds that although it did receive the order, it should not be held to

have notice of its application to Leonard or the Nellie Gail Property because of the order's lack of specificity.

After reviewing the order Wells Fargo received, the court finds that although Wells Fargo had knowledge of the Order Appointing Receiver enjoining conduct that interferes with the Receivership, it did not know that the order applied to Leonard or the Nellie Gail Property because the order refers solely to CIN, and not E. Leonard or the property.  Also, Wells Fargo received the order on June 25, 2008, and the property was not relinquished to the court until March 17, 2009, nine months after Wells Fargo received the order.  Therefore, Wells Fargo could not have known that the order it received applied to the property, and thus, Wells Fargo is not in contempt of court.

### 3.        *The Defendant Disobeyed the Order*

Non-parties are bound to an injunction so long as they have notice, and any intentional interference with the receivership by conduct prohibited by the injunction is punishable by contempt.  *Liberte Capital Group*, 462 F.3d at 552.  The Receiver argues that he has exclusive control of the Nellie Gail Property through the court order, and that Wells Fargo is in violation of the order because it had knowledge of the order and still sent a notice of default.  Wells Fargo responds that because it did not have adequate notice of the order's application to the Nellie Gail Property, it could not have intentionally violated the order, and thus is not in contempt.

The court finds that Wells Fargo did not intentionally interfere with the receivership. Although Wells Fargo did have notice of the Order Appointing Receiver, it had no way of knowing that the injunction applied to Leonard or the Nellie Gail Property as discussed above. Also, Wells Fargo's conduct is evidence that their action was unintentional.  It first sent a notice

of default to Leonard, and did not realize that the property had been transferred to another person until it preformed a title search.  Further, Wells Fargo did not know that the injunction applied to the property until the Receiver filed this contempt action in response to its receipt of the notice. Wells Fargo ceased all action upon receiving this notice, and has not planned a foreclosure sale for the property.  Because of Wells Fargo's lack of notice and subsequent conduct, the court finds that it did not intentionally interfere with the receivership, and thus is not in contempt of court.

**B. Wells Fargo's Request for Declaratory Relief**

Through its response, Wells Fargo seeks declaratory relief that its secured interest in the Nellie Gail Property has not been altered in the receivership, and that any outstanding balances shall be satisfied upon disposition of the property.  Wells Fargo also requests that the receiver bring the Note payments current and make future regular payments.

A receiver is appointed over assets disputed in litigation to help the court safeguard the assets.  *Liberte Capital Group*, 462 F.3d at 551.  The receivership court has discretion in addressing claims on the assets in the receivership estate.  *See id.* (discussing that the receivership court may consider the merits of the individual claim and the equities attendant to the situation).   As such, the court denies Wells Fargo's request for declaratory relief without prejudice.

IT IS ACCORDINGLY ORDERED this 1st day of September, 2009, that Edward J. Nazar's motion to determine Wells Fargo Bank, N.A. and First American Loanstar Trustee Services in contempt upon deed of trust sale of property located at 25468 Nellie Gail Road, Laguna Hills, California 92653 (Dkt. No. 494), and Wells Fargo's request for declaratory relief

that its rights to the outstanding balance of the Note secured by the Deed of Trust on the Nellie

Gail Property have not been altered, and for the Receiver keep the Note current during the

deliberations (Dkt. No. 535) are denied.

      <u>s/ J. Thomas Marten</u>
      J. THOMAS MARTEN, JUDGE