# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE )
COMMISSION, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
VS. ) Case No. 08-1159-JTM
　　　　　　　　　　　　　　　　　　　　)
MICHAEL J. McNAUL, II, *et al.,* )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants, )
　　　　　　　　　　　　　　　　　　　　)
CONSOLIDATED MANAGEMENT )
GROUP, LLC, *et al.*, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Relief Defendants )
_____ )

## **ORDER**

In a previous Order (Doc. 467), the Court considered Defendants' one sentence Motion to Quash Subpoena (Doc. 340). With no description, analysis or discussion of the nature of the documents being withheld, Defendants' motion merely stated that the requested documents should not be produced "based upon the attorney/client privilege as all materials sought are subject to that privilege." (Doc. 340.)

1

Counsel for the Receiver filed a Motion to Strike Defendants' Motion to Quash, arguing that Defendants' motion did not comply with the District Court's duty to confer under D. Kan. Rule 37.2 and that Defendants failed provide sufficient information for the Court to determine whether the privilege applies to the documents at issue. (Doc. 356, at 4-5.) The Receiver also argued that Defendants have no standing to assert the attorney-client privilege because the privilege passed to the Receiver when he displaced Defendants as the new corporate manager. (*Id.*, at 6.)

In a response lacking substantive discussion and legal authority, Defendants contended that any information sought other than the amount of legal fees collected by Baker & McKenzie is irrelevant. (Doc. 387, at 1-2.) Defendants' briefing did not address the issue of whether they sustained their duty to confer pursuant to D. Kan. Rule 37.2.

The Court's prior Order (Doc. 467) took Defendants' Motion to Quash (Doc. 340) and Receiver's Motion to Strike (Doc. 356) under advisement. The Court held that there was no evidence that Defendants made any effort to confer with counsel for the Receiver prior to filing their Motion to Quash.[1] (Doc. 467, at 3.)

---

[1] The Court also noted that Defendants' motion did not include a certificate of compliance. D. Kan. Rule. 37.2.

On the issue of privilege, the Court noted that Defendants failed to "provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied." (*See id*., at 4, citing ***White v. Graceland College Center for Prof. Dev. & Lifelong Learning, Inc***., 586 F.Supp.2d 1250, 1267-68 (D.Kan. 2008) (internal citations omitted)). The Court held that Defendants' "blanket claim" of privilege was insufficient to satisfy their burden of proof. (*Id*., at 4-5, citing ***White***, 586 F.Supp. at 1268.)

The Court allowed Defendants twenty (20) days from the date of the Order to show cause as to why their motion should not be denied for failure to comply with D.Kan. Rule 37.2 (the duty to confer) and Fed. R. Civ. P. 45(d)(2) (duties relating to withholding subpoenaed information based on a claim of privilege). (Doc. 467, at 5.)

The twenty days expired without a supplemental filing by Defendants. As such, the Court hereby **DENIES** Defendants' Motion to Quash (Doc. 340) for failure to comply with D.Kan. Rule 37.2 and Fed. R. Civ. P. 45(d)(2).

As a result, Plaintiff's Motion to Strike Defendants' Motion to Quash (Doc.

356) is hereby **DENIED** as moot.

    **IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of September, 2009.

        s/ DONALD W. BOSTWICK
        DONALD W. BOSTWICK
        United States Magistrate Judge