IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE
COMMISSION,
        Plaintiff,

v.                                                             Case No. 08-1159-JTM

MICHAEL J. MCNAUL, II, et al.,
        Defendants,

CONSOLIDATED MANAGEMENT
GROUP, LLC, et al,
        Relief Defendants.

ORDER

This matter is before the court on the receiver's Motion to Reconsider Order to Surcharge Expenses. (Dkt. No. 566). On August 10, 2009, the receiver filed a Motion to Surcharge Expenses. (Dkt. No. 560). Wells Fargo filed a response requesting the Court require payment of the expenses to the receiver after satisfaction of Wells Fargo's lien on the property. (Dkt. No. 561). The Court issued an order granting the receiver's motion to surcharge expenses with priority given to Wells Fargo's secured interest. (Dkt. No. 565). Wells Fargo filed a response to the receiver's Motion to Reconsider Order to Surcharge Expenses. (Dkt. No. 580).

The receiver did not cite what rule it was relying on in support of its motion to reconsider, but based on the arguments alleged, the Court interprets it as a motion to alter or amend under Fed. R. Civ. P. 59(e).

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. *Buell v. Security General Life Ins. Co.,* 784 F.Supp. 1533, 1535 (D.Colo.1992), *aff'd,* 987 F.2d 1467 (10th Cir.1993), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). A motion to alter or amend is directed not at

initial consideration, but reconsideration. *Buell,* 784 F.Supp. at 1535. Such reconsideration is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff 'd,* 770 F.2d 98 (7th Cir.1985). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482 (D.Kan. 1994), *aff 'd,* 43 F.3d 1484 (10th Cir.1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

11 U.S.C. § 506(c) provides that, "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." Courts generally have interpreted this language to require a quantifiable and direct benefit to the secured creditor; indirect or speculative benefits may not be surcharged, nor may expenses that benefit the debtor or other creditors. *In re Grimland, Inc.*, 243 F.3d 228, 232 (5th Cir. 2001). The default rule in bankruptcy is, accordingly, that administrative expenses are paid out of the estate and not by the secured creditors of the debtor. *See Matter of P.C., Ltd.,* 929 F.2d 203, 205 (5th Cir. 1991); *Matter of Delta Towers, Ltd.,* 924 F.2d 74, 76-77 (5th Cir. 1991).

To invoke the extraordinary exception to that rule contained in § 506(c), three elements must be shown: (1) the expenditure was necessary, (2) the amounts expended were reasonable, and (3) the creditor benefitted from the expenses. *Delta Towers,* 924 F.2d at 76. Under Section 506(c), the

party claiming a right of surcharge bears the burden of proof in making a "relevant showing as to the bases for his request consistent with the requirements of [the section]." *Halverson v. Estate of Cameron ( In re Mathiason),* 16 F.3d 234, 240 (8th Cir.1994); *accord Daniel v. AMCI, Inc. ( In re Ferncrest Court Partners, Ltd.),* 66 F.3d 778, 782 (6th Cir.1995); *Federal Deposit Ins. Corp. v. Jenson (In re Jenson),* 980 F.2d 1254, 1260 (9th Cir.1992); *PSI, Inc. v. Aguillard (In re Senior-G & A Operating Co.),* 957 F.2d 1290, 1298 (5th Cir.1992). When a claimant fails to meet this burden, its surcharge application may be properly denied. *See In re Mathiason,* 16 F.3d at 240; *see, e.g., United Jersey Bank v. Miller (In re C.S. Assocs.),* 29 F.3d 903, 906 (3d Cir.1994).

After a careful review of the record, the Court finds that: 1) there is no new evidence and 2) the court did not misapprehend the facts, receiver's position or the controlling law. The receiver failed to articulate any grounds justifying relief from the order issued on August 14, 2009.

IT IS ACCORDINGLY ORDERED this 26th day of October, 2009, that receiver's Motion to Reconsider Order to Surcharge Expenses (Dkt. No. 566) is denied.

  s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE