IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE
COMMISSION,
        Plaintiff,

v.                                                                      Case No. 08-1159-JTM

MICHAEL J. MCNAUL, II, et al.,
        Defendants,

CONSOLIDATED MANAGEMENT
GROUP, LLC, et al,
        Relief Defendants.


ORDER

This matter is before the court on the receiver's Motion for Summary Judgment on its Motion to Disgorge Investor Funds from Leonard Kessler. (Dkt. No. 609). On March 12, 2009, the receiver filed a Motion to Disgorge Investor Funds. (Dkt. No. 399). Leonard Kessler, proceeding *pro se*, filed a response on April 16, 2009. (Dkt. No. 460).

Leonard Kessler's response is one page, and maintains that "[t]he money that you refer to no longer exist[s]" and "I am challenging the existence of personal jurisdiction in this case." (Dkt. No. 460). Mr. Kessler did not cite what rule he was relying on, or allege any facts in support of his personal jurisdiction challenge, but based on his *pro se* status, the court interprets it as a motion to dismiss under Fed. R. Civ. P. 12(b)(2). The receiver did not file a reply.

The threshold question is whether the United States District Court for the District of Kansas has personal jurisdiction over Mr. Kessler, who lists a mailing address in Plantation, Florida. 28 U.S.C. § 754 provides:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property

> with the right to take possession thereof. He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title. Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

"District court that had appointed receiver to collect assets needed to satisfy judgment obtained in Securities and Exchange Commission (SEC) enforcement action had personal jurisdiction over non-resident holder of receivership assets, regardless of whether holder had any other contacts with forum, where receiver had timely filed copy of complaint and appointment order in holder's district and holder had been served with process; so long as filing requirement was met, appointing court's process extended to any judicial district where receivership property was found." *S.E.C. v. Bilzerian*, 378 F.3d 1100 (D.C. Cir. 2004), *cert. denied* 544 U.S. 1017 (2005).

This court appointed the receiver on May 29, 2008. (Dkt. No. 16). The receiver alleged that Leonard Kessler is an individual who may be served at 1247 S.W. 87th Terrace, Plantation, Florida 33324, and that the Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 and personal jurisdiction over Leonard Kessler pursuant to 28 U.S.C. § 754. (Dkt. No. 399 at 3). The receiver had Leonard Kessler served on March 18, 2009. (Dkt. No. 423). There is no evidence before the court that the receiver filed a copy of the complaint and appointment order in Florida. Based on the receiver's failure to timely file the appropriate documents in Florida, the court finds there is no personal jurisdiction over Leonard Kessler. *See S.E.C. v. Bilzerian*, 378 F.3d 1100 (D.C. Cir. 2004), *cert. denied* 544 U.S. 1017 (2005).

IT IS ACCORDINGLY ORDERED this 21st day of December, 2009, that Leonard Kessler's motion contesting personal jurisdiction (Dkt. No. 460) is granted.

2

IT IS FURTHER ORDERED this 21st day of December, 2009, that the receiver's Motion to Disgorge Investor Funds from Leonard Kessler (Dkt. No. 399) and Motion for Summary Judgment on its Motion to Disgorge Investor Funds from Leonard Kessler (Dkt. No. 609) are dismissed for lack of jurisdiction.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE