IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    *Plaintiff*,<br>vs.<br><br>MICHAEL J. McNAUL, II, *et al.*,<br>                    *Defendants*,<br><br>CONSOLIDATED MANAGEMENT GROUP, LLC, *et al*,<br>                    *Relief Defendants*. | Civil Action No. 08-1159 JTM-DWB |

## ORDER DENYING LAYLA HAMIDIEH'S MOTION TO QUASH (DOC. 476) AND DENYING RECEIVER'S MOTION FOR ENTRY OF DEFAULT AS TO LAYLA HAMIDIEH (DOC. 621).

**Procedural History**

The Receiver filed his Motion for Order to Disgorge Investor Funds from Layla Hamidich and LH International, Inc. and Memorandum (No. 03-017) on March 13, 2009. (Doc. 408.) On May 22, 2009, the Receiver filed is proof of service on both LH International, Inc. and Layla Hamidich stating that service was made on April 11, 2009. (Doc. 499.)

On May 8, 2009, a single document was submitted to the Clerk's office entitled "LH International, Inc. and Layla Hamidieh's Motion to Quash Dated 5-7-09 For Imprper (sic) Service, Insufficeny (sic) of Process, and Lack of Jurisdiction." Apparently, because this document dealt with relief sought by two separate entities or individuals, the Clerk's office filed the same document two times: the first (Doc. 476) was docketed as a motion

to quash by Layla Hamidieh, and the second (Doc. 477) was docketed as a motion to quash by LH International, Inc.

After receipt of the motion to quash, the Receiver filed his a motion entitled "Receiver's Consolidated Motion to Amend 'Receiver's Motion for Order to Disgorge Investor Funds from Layla Hamidich and LH International, Inc. and Memorandum (No. 03-017)' (Docket #408) and Motion to Strike 'LH International, Inc. and Layla Hamidieh's Motion to Quash dated 5-7-09 for Imprper Service, Insufficiency of Process, and Lack of Jurisdiction' (Docket #477) and Memorandum in Support Thereof." (Doc. 500.) That motion sought:

(a)     to Amend "Receiver's Motion for Order to Disgorge Investor Funds From Layla Hamidich and LH International, Inc. and Memorandum (No. 03-017)" (Doc. 408) and

(b)     to Strike "LH International, Inc. and Layla Hamidieh's Motion to Quash Dated 5-7-09 For Improper Service, Insufficiency of Process, and Lack of Jurisdiction" (Doc. 477).

Attached to the motion was the Receiver's proposed amended disgorgement motion against both LH International, Inc. and Layla Hamidieh. (Doc. 500-1.)

Neither LH International, Inc. nor Layla Hamidieh responded to the Receiver's motion to amend and to strike the motions to quash. Therefore, after reviewing the above pleadings, the Court entered its Order Granting Receiver's Consolidated Motion (Doc. 559) on August 6, 2009, in which the Court allowed the Receiver to file the proposed

2

"Receiver's Amended Motion to Disgorge Funds from Layla Hamidieh and LH International, Inc. and Memorandum in Support Therefore (ISO Disgorgement Motion No. 03-017)" in the form attached to its motion as Doc. 500-1,[1] and further struck the Motion to Quash filed on behalf of LH International, Inc. (Doc. 477) because that pleading was not signed by an attorney authorized to practice law in this district and a corporation could not appear without such counsel. *See* Doc. 559 at ¶¶ 3-4. The Court's Order did <u>not</u>, however, specifically rule on the Motion to Quash filed by Layla Hamidieh. (Doc. 476). As such, Layla Hamidieh's motion to quash is still unresolved.

Thereafter, on October 14, 2009, the Receiver filed a "Motion to Grant Relief by Default as to Receiver's Motion to Disgorge Investor Funds from Layla Hamidieh and LH International, Inc. (ISO Disgorgement No. 03-017)." (Doc. 621.) The Receiver's motion for default does not mention the amended disgorgement motion it was allowed to file, but seeks a default concerning the Receiver's initial disgorgement motion (Doc. 408), because neither LH International, Inc. nor Layla Hamidieh had filed a response to that initial motion. (Doc. 621 at ¶ 5.)

On October 27, 2009, Layla Hamidieh filed a response to the Receiver's motion for default, stating that she was not in default because she had filed a motion to quash which had not been ruled on and was still pending. (Doc. 632.)

## Discussion

---

[1] The Court has not been able to find that the Receiver filed the Amended Motion as directed. If it has not done so, that amended motion shall be filed forthwith and a copy served on both LH International, Inc. and Layla Hamidieh.

1.      Layla Hamidieh's Motion to Quash (Doc. 476).

Hamidieh states two reasons why the Receiver's initial disgorgement motion should be quashed:  (1) her name is misspelled (Hamidich instead of Hamidieh); and (2) the court lacks jurisdiction because she is not a party to this SEC lawsuit.  (Doc. 476.) The court finds that the misspelling is a minor one, that Layla Hamidieh knew that the motion was directed at her notwithstanding the minor misspelling, and that this misspelling itself does not warrant an order quashing the Receiver's motion.

Furthermore, in its August 6, 2009 Order (Doc. 559), the court authorized the Receiver to file an amended disgorgement motion which correctly spelled Hamidieh's name.  Therefore, if Hamidieh's original motion to quash were to be renewed as to the Receiver's amended disgorgement motion, this basis of objection would clearly be moot.

As to the second basis for the motion to quash, lack of jurisdiction, Hamidieh makes no specific legal argument other than the fact that she is not a party to this SEC action.  This court has dismissed other disgorgement motions filed by the Receiver when the Receiver failed to follow the statutory requirements of 28 U.S.C. § 754. and failed to file the requirement documentation in other judicial districts where the subject property is located.  *See e.g.*, Doc. 657, Order of December 21, 2009 (dismissing the Receiver's disgorgement motion against Leonard Kessler).  However, the Receiver, in other recent pleadings in this case, has represented that he did, in fact, file the necessary documentation in several judicial districts as required by of 28 U.S.C. § 754, including

4

specifically the Northern, Southern, Eastern and Central Districts of California. (Doc. 672 at ¶ 4(A-D)).

In this case, Layla Hamidieh lists her address as Sherman Oaks, California. (Doc. 476.) Since there are only four judicial districts in California, it is appears that the Receiver has taken the required steps to comply with 28 U.S.C. § 754 as to all of those districts, therefore protecting his statutory jurisdiction and control over the property located in those districts. Because the Receiver seeks to recover such property from Layla Hamidieh in California, the court finds that Hamidieh has failed to establish any lack of jurisdiction that would justify her motion to quash in this case.

For the above reasons, Hamidieh's motion to quash the Receiver's disgorgement motion is therefore DENIED.

        2.      <u>The Receiver's Motion for Default (Doc. 621).</u>

As previously noted, the Receiver's motion seeks a finding of default by both Layla Hamidieh and LH International, Inc. because they had not filed responses to the Receiver's initial disgorgement motion (Doc. 408). *See* Doc. 621 at ¶ 5. The Receiver's motion for default recites that the court, in its August 6, 2009 Order (Doc. 559), had granted the Receiver's motion to strike the motions to quash filed by both Layla Hamidieh and LH International, Inc. (Doc. 621 at ¶ 4.) However, that is not correct. The Court's August 6, 2009 Order (Doc. 559) only granted the Receiver's motion to strike the motion to quash filed by LH International, Inc. *See* Doc. 559 at ¶ 4. It did not specifically address or strike the motion to quash filed by Layla Hamidieh. Therefore,

Hamidieh was under no duty to file a response to the Receiver's original disgorgement

motion until the court had ruled on her motion to quash that disgorgement motion.  As

such, the Receiver's motion for a determination of default as to Layla Hamidieh is hereby

DENIED.

This Order does not deal with the Receiver's motion for a determination of default

as to LH International, Inc. which remains pending since the motion to quash filed by LH

International, Inc. was stricken by the Court's August 6, 2009 Order (Doc. 559), and

therefore LH International, Inc. had an obligation to file a timely response to the

Receiver's initial disgorgement motion.  Any issue or finding of a default against LH

International, Inc., however, must be made by the assigned U.S. District Judge rather than

a magistrate judge since that finding would be dispositive as to the issues presented and to

the liability of LH International, Inc.  *See* 28 U.S.C. § 636.

    3.    <u>The Receiver's Proposed Amended Disgorgement Motion. (Doc. 500-1).</u>

As noted above, in its August 6, 2009 Order, the court granted the Receiver's

motion to amend its disgorgement motion against Layla Hamidieh and LH International,

Inc. and directed the Receiver to file his amended disgorgement motion in the form

attached to his motion as Doc. 500-1 within 10 days.  (Doc. 559 at ¶ 3.)  In reviewing the

court's docket sheet, the court is unable to find that the amended disgorgement motion

was ever filed by the Receiver.  If, in fact, the amended disgorgement motion has not yet

been filed, the Receiver shall file that amended disgorgement motion within 10 days from

the date of this Order and shall serve the same on Layla Hamidieh.  Layla Hamidieh is

hereby granted thirty (30) days from the service of the amended disgorgement motion on her within which time to file her response to the amended disgorgement motion. Layla Hamidieh shall not be required to also file a response to the Receiver's initial disgorgement motion (Doc. 408) since that initial motion has now been superseded by the amended disgorgement motion.

IT IS SO ORDERED.

Dated this 13th day of January, 2010.

s/  DONALD W. BOSTWICK  
Donald W. Bostwick  
United States Magistrate Judge