IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                                  Case No. 08-1159-JTM

MICHAEL J. McNAUL, II, et.al.,,

        Defendant.

## ORDER DENYING MOTION FOR SANCTIONS BY LAYLA HAMIDIEH AGAINST RECEIVER RE MOTION TO DISGORGE, DOC. 705

Presently before the Court is Layla Hamidieh's Motion for Sanctions (Doc. 897); Response of Receiver (Doc. 898); and Response of Layla Hamidieh to the Receiver's Response (Doc. 899). The Court has reviewed the pleadings and is prepared to rule. For the reasons set forth below, the motion for sanctions is DENIED.

### Background

On September 9, 2010, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference in this case with the parties as to the Receiver' Amended Motion to Disgorge Investor Funds from Layla Hamidieh and LH International, Inc. (Doc. 705). The Receiver, Ed Nazar, appeared through counsel Jeffrey W. Rockett. Layla Hamidieh appeared *pro se.* At the telephone conference, and by subsequent written Scheduling Order (Doc. 861), the Court set several deadlines concerning the above motion to disgorge, including a deadline of October 8, 2010 for parties to serve disclosures pursuant to Fed. R.Civ. P. 26(a)(1).

On October 5, 2010, the Receiver filed a Notice that he had served Rule 26(a)(1) disclosures on all parties on that date. (Doc. 880). On October 18, 2010, defendant Layla Hamidieh filed a Motion for Extension of Time for Scheduling Order (Doc. 893), requesting additional time for discovery because she had not yet received the Receiver's Rule 26 disclosures. The Receiver responded (Doc. 894), joining in Hamidieh's motion for additional time for discovery and admitting that "Plaintiff's attorney did not get the documents served on the Defendant by the above noted deadline." As a result, the Court entered an Amended Scheduling Order which granted Hamidieh's request for additional time to complete discovery. (Doc. 896). In that Amended Scheduling Order, the Court directed that if any party had not served the Rule 26(a)(1) disclosures, those disclosures were to be served not later than October 29, 2010. (Doc. 896, at 2.)[1]

On October 21, 2010, Hamidieh filed the present motion for sanctions. (Doc. 897). She seeks dismissal of the Receiver's Motion to Disgorge or, in the alternative, an order that precludes the Receiver from introducing any testimony or documents which had not been disclosed to Hamidieh by October 8, 2010. (Doc. 897 at ¶ 7.) On the same day, the Receiver responded to the motion for sanctions stating that his prior notice of service of the disclosures (Doc. 880) was "filed inadvertently by the Receiver while the attorney for the Receiver was suffering from a ailment, which had him out of the office for a number of days." (Doc. 898, at ¶ 5.) In her reply, Hamidieh states that she did not know about the Receiver's "false representation to the court" when she filed her earlier motion for additional time to complete discovery and further states that her prior motion

---

[1] The Receiver subsequently filed an Amended Notice of Receiver's Initial Disclosures (Doc. 903), stating that the disclosures were made on October 29, 2010, the date set by the Court's Amended Scheduling Order.

for additional time to complete discovery was not intended to give the Receiver more time to make his initial disclosures. (Doc. 899, at ¶ 4.)

## Discussion

The Court may sanction counsel for failing to comply with a discovery order pursuant to Fed. R. Civ. P. 37(b)(2)(A), or for failing to make the disclosures required by Rule 26(a) pursuant to Fed. R. Civ. P. 37(c)(1), "unless the failure was substantially justified or is harmless." Under both rules, the imposition of sanctions is not mandatory but subject to the Court's discretion.

Obviously the Court is concerned about the fact that a notice was filed stating that disclosures were made when, in fact, they had not been made. However, counsel explains the circumstances surrounding the filing of that notice which was made while counsel was out of the office due to illness. Furthermore, any detriment suffered by Hamidieh has been eliminated by the Court's prior order granting additional time to complete discovery. Under these circumstances, the Court concludes that the Receiver's failure to make a timely disclosure was not intentional and is harmless. For these reasons, the Court will not issue sanctions against the Receiver or his counsel. Counsel for the Receiver is admonished to be more careful in the future concerning compliance with the Court's discovery orders.

IT IS THEREFORE ORDERED that Layla Hamidieh's Motion for Sanctions (Doc. 897) is hereby DENIED.

Dated this 1st day of November, 2010, at Wichita, Kansas.

                                                s/ DONALD W. BOSTWICK
                                                Donald W. Bostwick
                                                U.S. Magistrate Judge