IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                                  Case No. 08-1159-JTM

MICHAEL J. McNAUL, II, et.al.,,

        Defendants,

v.

ALLIANCE LEASING, INC., et.al.,

        Relief Defendants

## ORDER CONCERNING BAKER & MCKENZIE'S
## MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE
## TO FILE A SURREPLY

Presently before the Court is the motion of Baker & McKenzie (Doc. 854), which seeks an order striking the Receiver's previous Reply (Doc. 850) which was filed in support of the Receiver's Motion to Compel (Doc.825.) The Receiver has responded to the motion to strike (Doc. 860), and Baker & McKenzie has filed a reply. (Doc. 873). The matter is fully briefed and the Court is prepared to rule. The motion to strike is DENIED, but the alternative motion for leave to file a surreply is GRANTED for the reasons set forth below.

## DISCUSSION

The motion to strike the Receiver's reply brief is based upon an argument that the reply brief contains new and additional factual and legal arguments in support of the motion to compel which should have been included in the Receiver's initial brief and not raised for the first time by way of

reply.[1] The Court agrees that a party should not be entitled to "sandbag" an opponent by raising new factual or legal arguments for the first time in a reply brief.

After reviewing the briefs in this case, it does appear from first blush that the Receiver's reply contains a new legal theory that should have been included in the Receiver's initial brief concerning the motion to compel, i.e., that any privilege that might have attached to the documents has been lost due to the crime/fraud exception. The motion to compel and initial brief, however, raised only two theories: (1) that Baker & McKenzie lacked standing to object to the subpoena; and (2) that the applicability of the privileges had already been resolved by a prior court order. (Doc. 825, at 2.) However, in its response, Baker & McKenzie claimed an independent right to object to the subpoena, particularly as to the attorney work product claim. (Doc. 840, at 3.) Thus, the Receiver's reply that any privilege is not applicable due to the crime/fraud exception may be considered as a proper rebuttal to Baker & McKenzie's claim of an independent right to raise the issues of privilege.

Because the issue is a close one in a gray area of the law, the Court believes that the proper procedure in this instance is to deny the motion to strike the Receiver's reply, but instead to allow Baker & McKenzie to file the surreply which they attached to their motion to strike.

---

[1] Baker & McKenzie also states that the Receiver violated the parties' Agreed Protective Order by referencing and attaching "Confidential" documents to the Reply. (Doc. 854, at 2.) The Receiver impliedly concedes that it attached confidential documents to the reply, but states that the "Receiver will ensure that, in the future, it will follow the procedure laid out in the Agreed Protective Order regarding documents labeled 'Confidential' by the parties" and "[h]e would also agree to seek sealing of the documents if the Firm requested." (Doc. 860, at 5, n. 19). While the Court is concerned about any violation of an existing protective order, it does not believe that this violation alone justifies striking the Receiver's pleading. If Baker & McKenzie wishes for the "Confidential" documents attached to the Receiver's reply to be placed under seal, it can request this by a separate agreed motion.

**IT IS THEREFORE ORDERED** that Baker & McKenzie's motion (Doc. 854) is denied in part and granted in part as follows: the motion to strike is DENIED, but the alternative request for leave to file the attached surreply (Doc. 854-1), is GRANTED. Baker & McKenzie is hereby directed to file their surreply forthwith.[2]

**IT IS FURTHER ORDERED** that no additional briefs shall be permitted concerning the Receiver's Motion to Compel (Doc. 825), and that motion is hereby submitted for ruling based upon the briefs previously filed and upon the filing of the Surreply by Baker & McKenzie as allowed by this Order.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2010, at Wichita, Kansas.

              s/ DONALD W. BOSTWICK
              Donald W. Bostwick
              U.S. Magistrate Judge

---

[2] The Court has already granted Baker & McKenzie's unopposed Motion for Leave to File Under Seal Exhibits to Surreply (Doc. 862), and those exhibits (Exhibits 2-11) have already been filed in the case. (Doc. 863). Therefore, Baker & McKenzie does not need to re-file those exhibits as part of the filing of their Surreply.