# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE
COMMISSION,

       **Plaintiff,**

v.                                          Case No.  08-1159-JTM

MICHAEL J. McNAUL, II, et.al.,,

       **Defendants,**

v.

ALLIANCE LEASING, INC., et.al.,

       **Relief Defendants**

## MEMORANDUM AND ORDER

Presently before the Court is the Receiver's Motion to Compel Baker &
McKenzie, L.L.P. to produce all documents responsive to a subpoena issued by
the Receiver.  (Doc. 825, 826.)  Baker & McKenzie has filed a response (Doc.
840);  Receiver has filed a reply (Doc. 850); and Baker & McKenzie, with the
Court's permission, has filed a surreply.  (Doc. 910.)  After reviewing the
briefs, the Court is prepared to rule.  For the reasons set forth below, the
Receiver's Motion to Compel is hereby GRANTED.

# FACTUAL BACKGROUND

In January 2009, the Receiver issued and served a subpoena on Baker &

McKenzie seeking documents related to the firm's former representation of

several defendants in this action.  (*See* Doc. 319.)  Thereafter, certain

defendants (including Michael J. McNaul II, Dale C. Lucas, Gregg Krause, and

Lloyd F. Nunns) filed a Motion to Quash the subpoena, claiming that virtually

all documents covered by the subpoena were protected by the  attorney client

privilege.  (Doc. 340.)  The Receiver then filed a Motion to Strike the

defendants' Motion to Quash on procedural grounds, including defendants'

failure to meet and confer concerning the motion to quash and failure to

describe the specific documents claimed to be privileged.  (Doc. 356.)  Baker

& McKenzie did not join in the defendants' Motion to Quash, nor did they file

their own motion to quash at that time.[1]  The objecting defendants filed a

response to the Motion to Strike contending that any information other than the

amount of fees charged by Baker & McKenzie is irrelevant.  (Doc. 387.)  The

undersigned magistrate judge then entered an Order to Show Cause giving

---

[1]

Instead, Baker & McKenzie served the Receiver with a broad, general objection to
the subpoena to the extent that it requested documents covered by the attorney client
privilege or the work product doctrine.  (Doc. 850, Ex. A at ¶ II(5).)  This objection
was dated February 4, 2009, the very same day that the individual defendants filed
their Motion to Quash the subpoena.  *See* Doc. 340.

defendants twenty days (or until May 21, 2009) to show cause why their

Motion to Quash the subpoena should not be denied for failure to comply with

the procedural rules, and taking the Receiver's Motion to Strike under

advisement pending a response to the Order to Show Cause. (Doc. 467.)

Finally, on September 18, 2009, the undersigned magistrate judge entered an

Order denying defendants' Motion to Quash the subpoena because defendants

had failed to respond to the prior Order to Show Cause. (Doc. 595.)

The Receiver alleges that Baker & McKenzie continues to withhold

documents that are responsive to the subpoena and which are related to the

firm's representation of the individual defendants on the basis that the

documents are protected by the attorney client privilege or the work product

doctrine. (Doc. 826, at 2.) The Receiver states that the firm refuses to produce

this material without either a waiver from the individual defendants or an order

from this Court compelling production of the documents. (*Id.*)

Baker & McKenzie responds that while the Receiver is the successor-in-

interest to the corporate defendants and as such, now holds the privilege for

those defendants, the Receiver does not hold the privilege for the individual

defendants and "at no time before or after the filing of the Motion to Quash

have the Individual Defendants waived the attorney-client privilege or work

product doctrine with response to their past representations by Baker & McKenzie." (Doc. 840, at 4.) Therefore, Baker & McKenzie alleges that it has standing to raise these privileges on behalf of the individual defendants. (*Id*.) In addition, Baker & McKenzie also claims that even if the defendants (Baker & McKenzie's former clients) have somehow waived the attorney-client privilege and work product doctrine, Baker & McKenzie may assert the work product doctrine on its own behalf. (Doc. 840, 8-11.)

## DISCUSSION

I.     Waiver of the Privileges by the Individual Defendants.

Baker & McKenzie seeks to avoid the consequences of this Court's Order of September 18, 2009 (Doc. 595) on two grounds: (a) the Order is not a substantive decision that the documents at issue are not privileged; and (b) that the Order is not binding on Baker & McKenzie because it was not "a party" to the Motion to Quash filed by the individual defendants (and former clients of Baker & McKenzie). (Doc. 840, at 7-8.) The Court believes that Baker & McKenzie has misconstrued the effect of the September 18 Order.

The issue is whether the individual defendants who filed the Motion to Quash the subpoena have now waived any claim of attorney-client privilege or work product protection. "Waiver" has been defined as

> [t]he intentional or voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right, or when one dispenses with the performance of something he is entitled to exact or when one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something the doing of which or the failure of forbearance to do which is inconsistent with the right, or his intention to rely upon it.

BLACK'S LAW DICTIONARY (Fifth Ed.).

In this case, the individual defendants, having filed a defective Motion to Quash the subpoena and having been advised of the defects by the Court's Order to Show Cause (Doc. 467), failed to act to correct the deficiencies in their Motion to Quash. Being represented by separate counsel, these defendants must have known that their failure to comply with the Court's Order to Show Cause would result in a denial of their Motion to Quash. And, because their motion raised the issue of attorney-client privilege, they also knew that if that motion were denied, they would no longer be entitled to claim the existence of an attorney-client privilege or protection under the work product doctrine. This inaction by the individual defendants clearly fits within the definition of a waiver, and the Court finds that the

individual defendants have therefore waived any claim of attorney-client privilege or protection as work product. The fact that the Court's Order to Show Cause and subsequent Order denying defendants' Motion to Quash the subpoena was based on procedural deficiencies is wholly immaterial to the question of whether defendants' failure to respond to the Order to Show Cause constitutes a waiver of any privilege.

Likewise, Baker & McKenzie's argument that the Court's September 18, 2009 Order is not binding on them because they were not "a party" to the prior briefing on the individual defendants' Motion to Quash the subpoena misses the point. Again, the question is whether the individual defendants, by their inaction concerning the Order to Show Cause, have waived any privilege. Because the Court has found that the individual defendants have waived the privilege, there is no longer any privilege which defendants could raise, and likewise, since the owner of the privilege has waived it, there is no privilege for Baker & McKenzie to raise on behalf of defendants who are their former clients. To hold otherwise would effectively allow two bites at the apple where, as here, the defendants first try to claim privilege and, if they are unsuccessful, then the law firm, having intentionally avoided participation in the first motion, raises the privilege issue again.

Because defendants have waived any privilege, Baker & McKenzie cannot now raise any claims of privilege or work product unless Baker & McKenzie has some

independent right to raise the claim of work product protection.  That claim will be addressed next.

 II. <u>Baker & McKenzie's Independent Claim of Work Product.</u>

 Baker & McKenzie acknowledges that their claim of an independent right of a law firm to protect its work product, even in the face of a client waiver, is an issue of first impression in this District.  (Doc. 840, at 9.)  The Receiver agrees that this is a case of first impression in Kansas.  (Doc. 850, at 8.)  Baker & McKenzie also acknowledges that jurisdictions that have addressed this issue are split, with some court adopting what is referred to as the "end product approach," while others adopt the "entire file approach."  (Doc. 840, at 9-11.)

 Baker & McKenzie urges the Court to follow the "end product approach" whereby a client is not entitled to preliminary documents used by the lawyer to reach the end result, including internal legal memoranda and preliminary drafts of pleadings and instruments, and thereby the law firm can itself claim such preliminary documents to be covered by the work product doctrine.  (Doc. 840).  Baker & McKenzie relies on two cases:  <u>First Wis. Mortgage Trust v. First Wis. Corp.</u>, 86 F.R.D. 160, 167 (E.D. Wis. 1980); and <u>Catino v. Travelers Ins. Co., Inc.</u>, 136 F.R.D. 534, 539 (D. Mass. 1991).

The Receiver urges adoption of the "entire file approach" which recognizes that the client, not the attorney or law firm, owns all documents related to a legal representation and thereby the client may waive any privilege as to such material. (Doc. 850, at 8.)  The Receiver relies on <u>Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn</u>, 689 N.E.2d 879, 881-82 (N.Y. App. 1997).  Sage concludes that the majority position, and the sounder view, is the "entire file approach" pursuant to the AMERICAN LAW INSTITUTE RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS (hereafter referred to as the Restatement).[2]

Before considering the above state court cases, it is important to remember that the work product doctrine, unlike the attorney client privilege, is governed by federal law rather than state law. <u>Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.</u>, 136 F.3d 695, n.10 (10th Cir. 1998).   As the party asserting work product protection, Baker & McKenzie has the burden of establishing by a "clear showing" that the work product doctrine applies, and to carry that burden, they must show that (1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.  <u>Sawyer v. Southwest Airlines</u>, Case No's  01-2385-KHV

---

[2] <u>Sage</u> quoted Section 58(2) of the Proposed Final Draft No. 1, 1996, of the Restatement.  689 N.E.2d at 881.  The substance of that proposed final draft is now found in Section 46(2) of the Restatement (2000).

and 01-2386-KHV, 2002 WL 31928442, at * 4 (D. Kan., Dec. 23, 2002). Once the

party raising the work product protection has established the right to the protection,

the requesting party may still discover work product if it can show that it has

substantial need for the material, and cannot, without undue hardship, obtain their

substantial equivalent by other means; however, the Court is to protect against

disclosures of the mental impressions, conclusions, opinions, or legal theories of a

party's attorney. Fed. R. Civ. P. 26(b)(3)(A) and (B).

In this case, the Court has some concerns about the procedural posture of this

motion. Baker & McKenzie claims that the issue as to whether they are required to

disclose work product "may not yet be ripe for determination." (Doc. 840, at 11.) To

support this statement, they opine that

> It would seem more prudent for this Court to await any
> dispute relating to any specific claim of work product
> protection by Baker & McKenzie. To date [the filing of its
> response on August 4, 2010], documents have been
> produced by Banker & McKenzie to the receiver and there
> has not yet arisen any dispute as to any claim of work
> product protection.

*Id.*

The Court is somewhat confused by this representation, in light of the

Receiver's statements that Baker & McKenzie "refuses to produce such material

[documents allegedly protected by the attorney client privilege and/or attorney work

product] without either a waiver from the individual defendants or an Order from this Court compelling them to do so." (Doc. 825, at 2.) To support this statement, the Receiver cites a letter of June 22, 2010, from attorneys for Baker & McKenzie which states that

> Unless we receive a waiver from each individual defendant or a court order requiring the production of such documents despite the absence of such waivers, we cannot produce any documents that are protected by the attorney-client privilege or work product doctrine.

(Doc. 826, Ex. C.)

Apparently, while Baker & McKenzie may have been producing some documents described in the subpoena over the last two years, it has continued to withhold from production any documents it believes are covered by either the attorney client privilege or the work product doctrine, even if those documents fall within the categories of documents requested by the subpoena. To the Court's knowledge, however, Baker & McKenzie has not identified any specific documents that it is withholding by preparing and serving on the Receiver a detailed privilege log. Thus, it appears that they have not complied with the requirements of Fed. R. Civ. P. 45(d)(2) which requires a person withholding documents on the basis of privilege to describe the nature of the documents not produced and to do so in a manner that will enable other parties to assess the privilege claim. In light of this

procedural background, it seems somewhat disingenuous for Baker & McKenzie to

claim that there is no specific claim of privilege which is in dispute and that the

matter is not ripe for decision. The Court will therefore proceed to consider the

issues raised by the parties in their briefing. In doing so, the Court will assume

*arguendo*, that Baker & McKenzie could meet its burden of establishing that some

materials described in the subpoena fall within the protection of work product.[3]

In an early federal court case, the court held that upon a client's request, the

former attorney was required to turn over the entire contents of the attorney's file

since the file belonged to the client, but the attorney could copy portions of the file

that he wished to retain. Resolution Trust Corp. v. H---, P.C., 128 F.R.D. 647 (N.D.

Tex. 1989). The court concluded that the law firm's reliance on the work product

doctrine was inapplicable because the protection afforded by the doctrine was for the

benefit of the client and thus could not be used by the attorney against the client. 128

F.R.D. at 649.

Other federal courts have recognized that while both a client and the attorney

may have an interest in protecting work product material, where the interests of the

---

[3]

Because Baker & McKenzie handled both transactional and litigation matters for the
defendants, it would appear to the Court that many documents concerning advice
about the structuring of the joint ventures may not qualify as documents prepared in
anticipation of litigation and therefore would not be covered by the work product
doctrine.

client and attorney are not aligned, the client's interest must prevail. *See* <u>Martin v.</u>

<u>Valley Nat'l Bank of Arizona</u>, 140 F.R.D. 291, 320-21 (S.D.N.Y. 1991); <u>Polin v.</u>

<u>Wisehart & Koch</u>, No. 00CIV9624, 2002 WL 1033807 at * 2 (May 22, 2002).[4]  Thus,

where the client is suing the former law firm (as in <u>Polin</u>), or where the client has

specifically requested release of the documents in connection with other litigation (as

in <u>Martin</u>), a law firm cannot invoke the work product privilege to prevent disclosure

of the documents.  Finally, two more recent federal cases have found the reasoning in

<u>Martin</u> to be persuasive and have denied motions to quash subpoenas which were

filed by law firms who were attempting to assert an independent right to assert work

product protection on documents in their files.  *See* <u>M and C Corp. v. Erwin Behr</u>

<u>GmbH and Co.</u>, Case No 91-CV-74110-DT, 2008 WL 3066143 (E.D. Mich., Aug. 4,

2008); <u>In re Subpoenas Served Upon the Law Firm of Snow, Christensen &</u>

<u>Martineau</u>, No. 2:08 mc 675 DB, 2008 WL 5191420 (D. Utah, Dec. 10, 2008).

A review of the above federal cases suggests that they support, either expressly

or by implication, the reasoning of <u>Sage</u> and the Restatement that the "entire file

approach" is the better rule.  Therefore, a law firm should not have an independent

---

[4]

The Court in <u>Polin</u> cited <u>Sage</u> as stating the majority rule summarized in the draft
Restatement (Third) of the Law Governing lawyers, which allows a former client
access to inspect and copy any documents possessed by the lawyer relating to the
representation with only narrow exceptions.  <u>Polin</u>, 2002 WL 1033807, at * 2-3.
<u>Polin</u> also held that <u>Sage</u> does not exclude opinion work product from production to a
client.  *Id*. at * 3.

right to prevent production of its work product, even opinion work product, when the interests of the former client and the law firm are not aligned, and the interests of the former client show a compelling need for production of the information.

In the present case, although the individual defendants failed to follow the Court's Order to Show Cause concerning their motion to quash the subpoena, and thus had their motion denied, they have subsequently refused to sign a waiver of the attorney client privilege and work product protection when requested by the Receiver to do so. (Doc. 826, at 2.) Thus, unlike the cases discussed above, the former clients have not expressly requested Baker & McKenzie to produce any work product to the Receiver. However, the defendants, as former clients, have clearly placed the advice of their former law firm at issue in this case. The defendants are taking the position that they followed the advice of Baker & McKenzie in connection with the operations which are the subject of the present action by the Securities and Exchange Commission. *See* Doc. 723-1, at 2-11 (outlining the advice received from Baker & McKenzie on various issues); Doc. 767 ("In this case, the total reliance upon Baker and McKenzie should mitigate significantly the imposition of any penalties. As far as these defendants were considered, they were following the recommendations and instructions of a large reputable law firm and particularly its securities expert Mr. Joel Held. See History.") As such, defendants have placed at issue all advice they

received from their former law firm concerning the formation of the joint ventures and the manner in which they operated their companies and joint ventures in connection with the claims being made in the present case.

On the other hand, Baker & McKenzie has distanced itself from the actions of the defendants, noting that the firm never gave an opinion that investment in the joint ventures would not be deemed to be an investment in securities, and never gave an opinion that sale of these joint ventures would qualify as a private placement, since the firm had no control over how the joint ventures were marketed. (Doc. 910, at 8-9.)  Furthermore, Baker & McKenzie also claims that the individual defendants decided to create some joint ventures or other entities on their own without any input or assistance from Baker & McKenzie. (Doc. 910, at 11.)

It therefore appears clear that the interests of the defendants, as former clients, and the interests of Baker & McKenzie, are not aligned and, in fact, may be directly conflicting.  Defendants can not be allowed to use the work product privilege as both a sword and a shield. Frontier Refining, Inc., 136 F.3d 695, 704.  Therefore, where, as here, defendants are relying on advice of counsel, they cannot choose which law firm documents to use in support of their advice of counsel defense, while also preventing disclosure of other similarly related law firm documents.  If  Baker & McKenzie were allowed to independently claim work product and refuse to allow

production of its files, this would effectively enable defendants to use the work

product doctrine as both a sword and a shield as to the Receiver's claims.  Under these

circumstances, any independent interest Baker & McKenzie may have in its claimed

work product must give way to the needs of the former client, even as to opinion

work product.

The Court does note that while Sage concluded that the former client should be

able to inspect and copy work product materials, it also noted that the law firm

> should not be required to disclose documents which might
> violate a duty of nondisclosure owed to a third party, or
> otherwise imposed by law (see, e.g., Restatement [Third] of
> the Law Governing Lawyers, *op. cit.*, § 58, comment c).
> Additionally, nonaccess would be permissible as to firm
> documents intended for internal law office review and use.
> "The need for lawyers to be able to set down their thoughts
> privately in order to assure effective and appropriate
> representation warrants keeping such documents secret
> from the client involved" (*id.*).  This might include, for
> example, documents containing a firm attorney's general or
> other assessment of the client, or tentative preliminary
> impressions of the legal or factual issues presented in the
> representation, recorded primarily for the purpose of giving
> internal direction to facilitate performance of the legal
> services entailed in that representation.  Such documents
> presumably are unlikely to be of any significant usefulness
> to the client or to a successor attorney.

689 N.E. 2d at 883.  Other courts construing Sage have concluded that this language

does not exclude opinion work product from production to a client.  Polin v. Wisehart

& Koch, 2002 WL 1033807 at * 3.  The Court agrees that this language in Sage, and

similar language in the comment c to Section 46 of the Restatement, does not support withholding core work product from production.

In this case, the Court is unaware of whether there are any documents covered by the subpoena that might fall within the exceptions noted in <u>Sage</u>. This is due to Baker & McKenzie's failure to follow the requirements of Fed. R. Civ. P. 45(d)(2) and provide a detailed description of any such documents. They have had almost two years to do so and by failing to follow the rule they have now waived any right to complain about production of documents which they claim are only for internal law office use and review.[5]

Accordingly, Baker & McKenzie is hereby directed to produce any documents covered by the subpoena in this case even if the documents are considered to be subject to an attorney client privilege or be considered as attorney opinion work product, and even if the documents are internal law firm documents for internal law office use and review.

III.    The Crime/Fraud Exception.

---

[5]

Courts in this district have hesitated to find a waiver of privilege claims due to failure to provide a privilege log unless the delay is excessive or unreasonable. *See* <u>White v. Graceland College Center for Professional Development</u>, 586 F. Supp. 2d 1250, 1266-67 (D. Kan. 2008). However, in the present case, the issues concerning production of documents in compliance with the subpoena have been ongoing for almost two years. Baker & McKenzie should not at this late date be able to go back and claim privilege for internal documents that could have been identified long ago.

In his reply, the Receiver raised the claim that any protections afforded by the attorney client privilege or the work product doctrine had been waived by the crime/fraud exception.  (Doc. 850, at 10-17.)  Baker & McKenzie disputes this contention in their surreply.  (Doc. 910.)  Because the Court has determined that the subpoenaed documents must be produced because any privilege was waived by the defendants and because Baker & McKenzie has no independent right to withhold the documents as work product, the Court does not need to reach or address any question about application of the crime/fraud exception in this case.

**IT IS THEREFORE ORDERED** that the Receiver's Motion to Compel (Doc. 825) is GRANTED as set forth above.  Baker & McKenzie shall produce to the Receiver by **January 14, 2011** all documents covered by the subpoena issued by the Receiver.

**IT IS SO ORDERED**.

Dated this 22nd day of December, 2010, at Wichita, Kansas.

s/  DONALD W. BOSTWICK

Donald W. Bostwick
U.S. Magistrate Judge
