IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.                                Case No. 08-1159-JTM

MICHAEL J. MCNAUL II, ET. AL.,

    Defendants.

MEMORANDUM AND ORDER

The matter before the court involves an issue of first impression in this District—whether a law firm may independently assert work product protection when the client has waived such protection. As a corollary, the court must also decide whether to adopt the "entire file approach" or "end product approach" when determining the extent to which Baker & McKenzie (Firm) must produce privileged or work product documents to the Receiver.

This issue comes to this court on review of Magistrate Judge Donald W. Bostwick's Memorandum and Order (Dkt. No. 923). Defendants Michael J. McNaul, Dale Lucas, Lloyd Nunns, and Gregg Krause have filed a Motion to Review Order of Magistrate Judge (Doc. 923) and Application for Stay of Order Pending Review (Dkt. No. 925). Baker & McKenzie has filed a Motion for Review of the Magistrate Judge's December 22, 2010, Memorandum and Order (Dkt. No. 926). The Receiver has filed a Response (Dkt. No. 934). For the following reasons, and those stated on the record at the June 6, 2011, scheduling conference, the court denies the motions.

**I. Factual Background**

The Magistrate Judge's Memorandum and Order (Dkt. No. 923) sets out the relevant facts, so the court will provide only a brief overview of pertinent facts.

On January 26, 2009, the Receiver served Baker & McKenzie with a subpoena seeking production of the following information related to its representation of individual defendants and relief defendants: copies of firm invoices and information related to firm billing; communications between Baker & McKenzie and defendants relating to legal advice; documents related to the formation of the relief defendants and associated joint ventures. Several defendants and relief defendants[1] filed a Motion to Quash Subpoena (Dkt. No. 340) on February 4, 2009, arguing attorney client privilege. Baker & McKenzie did not join the motion or file a separate motion. The Receiver filed a Motion to Strike Motion to Quash Subpoena (Dkt. No. 356) on February 17, arguing defendants failed to describe specifically which documents were privileged, and failed to meet and confer. On May 1, the Magistrate Judge issued an Order to Show Cause (Dkt. No. 467), giving defendants 20 days to show cause why the Motion to Quash should be denied for failure to comply with D. Kan. Rule 37.2 and Fed. R. Civ. P. 45(d)(2). The defendants did not respond, and the Magistrate Judge denied the Motion to Quash on September 18, 2009. The Magistrate Judge rejected defendants' broad claim of privilege absent a discussion of the nature of the documents withheld.

Despite the Magistrate Judge's denial of the Motion to Quash, Baker & McKenzie failed to produce documents responsive to the subpoena, or to create a privilege log. When the Receiver contacted the firm in May 2010, it stated it would not produce privileged documents without waivers

---

[1]The moving defendants were: McNaul, Lucas, Nunns, Krause, Alliance Leasing, LLC, Consolidated Management Group, LLC, Forrest Energy, LLC, Warren Drilling, LLC, Warrick Drilling, LLC, Pawnee Iron Works, LLC, Mid Kan Operating, LLC, and T & D Oil Service, LLC.

from the individual defendants or a court order requiring production of the documents. As a result, the Receiver filed a Motion to Compel (Dkt. No. 825) on July 16, 2010. Defendants did not file a responsive pleading.[2] Baker & McKenzie did, however, produce certain documents to the Receiver on July 30, together with a privilege log of redacted documents within the production. The Firm postponed its review of further documents pending the resolution of the Motion to Compel.

On December 22, 2010, the Magistrate Judge granted the Motion to Compel (Dkt. No. 923). The court held the individual defendants had waived their right to claim privilege by failing to comply with the court's show cause order. Because the individual defendants had waived the privilege, the court found Baker & McKenzie had no independent ground on which to assert the privilege. The court further held Baker & McKenzie did not have an independent right to prevent production of its work product because the interests of defendants and the firm's interest are not aligned. Thus, the court ordered the Firm "to produce any documents covered by the subpoena in this case even if the documents are considered to be subject to an attorney client privilege or be considered attorney opinion work product, and even if the documents are internal law firm documents for internal law office use and review." Dkt. No. 923, pg. 16. The court gave Baker & McKenzie until January 14, 2011, to comply with the order. However, because defendants and the firm filed the present motions, compliance with the order has been stayed.

Both the individual defendants and Baker & McKenzie advance three arguments in their motions for review: (1) the Magistrate Judge incorrectly found the individual defendants had waived the attorney-client privilege and work product doctrine; (2) the Magistrate Judge improperly adopted the "entire file approach"; and (3) the Magistrate Judge erroneously found that Baker & McKenzie

---

[2] Baker & McKenzie did file a Response. *See* Dkt. No. 840.

had waived its right to assert exceptions to the entire file approach. In addition to arguing the Magistrate Judge did not err, the Receiver, in his Response, also argues defendants have waived the right to seek review of the order.

**II. Legal Standard: Fed. R. Civ. P. 72(a)**

Under Fed. R. Civ. P. 72(a), a party may file an objection to a magistrate's nondispositive order. Upon review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The district court must affirm the magistrate's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 33 U.S. 364, 395 (1948)). Because a magistrate has broad discretion in resolving discovery disputes, the court will overrule the magistrate's decision only on an abuse of discretion. *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991).

**III. Analysis**

Before taking up the matters defendants and the Firm assert as error, the court addresses the Receiver's arguments that the individual defendants have waived their right to seek review of the Order. Specifically, the Receiver argues (1) the defendants' motion is untimely, (2) the defendants waived any right to object by failing to oppose the Motion to Compel, and (3) the motion fails to comply with D. Kan. Rule 7.1(a).

4

*A. Waiver of Right to Seek Review of Magistrate's Order*

1. Timeliness of Defendants' Motion

The Receiver argues defendants' current motion is essentially an untimely objection to the court's Order Denying Defendants' Motion to Quash Subpoena (Dkt. No. 595). By failing to object to that Order, defendants waived their right to object to this Order. Fed. R. Civ. P. 72(a) provides that "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . ." By its explicit language, the Rule allows a party 14 days to file objections to a Magistrate's order, and if it does so, the district court *must* consider the objections. The Rule does not contemplate waiver by failure to object to a previous order discussing the same issue. The Order denying defendants' motion to quash did directly relate to the issues resolved in this Order. However, the Magistrate's current Order is a discrete order separate from its previous Order Denying Defendants' Motion to Quash Subpoena. Thus, defendants may object to this Order within the parameters of Rule 72(a). Because they have done so, they have not waived their right to seek review of the Magistrate's Order. That is not to say defendants' failure to respond may not hamper their ability to seek relief in their present motion, but it does not prohibit them from seeking review of the present Order.

2. Waiver by Failing to Oppose the Motion to Compel

The individual defendants did not file a response opposing the Receiver's Motion to Compel, which, the Receiver argues, precludes defendants from objecting to the Magistrate Judge's Order. It is true that a party's failure to object to a Motion to Compel generally waives that party's objections. *See Spraggins v. Sumner Reg'l Med. Cent.*, No. 10-2276, 2010 WL 4629927, at *3 (D.

5

Kan. Nov. 8, 2010) ("[B]y failing to respond to Defendant's motion, Plaintiff has waived his objections to the discovery requests."). However, Baker & McKenzie did file a timely Response to the Receiver's Motion to Compel and a timely objection to the Magistrate Judge's Order, which this court must review. Further, "'[i]n light of the strong preference for the disposition of litigation on the merits, and the lack of any allegation of prejudice to [the Receiver]'" the district court has discretion to consider the individual defendants' objection. *See Roberts v. Paulson*, 263 Fed. App'x 745, 747 (10th Cir. 2008).

3. Failure to Comply with D. Kan. R. 7.1(a)

Finally, the Receiver argues defendants waived their right to contest this Order by failing to submit a supporting memorandum with their motion to review. D. Kan. R. 7.1(a) provides "[a]ll motions, unless made during a hearing or at trial, must be filed in writing with the clerk. A brief or memorandum must accompany all motions unless: . . . the court relieves the parties of complying with the requirement." Although technically within its discretion to deny the individual defendants' objection for failure to comply with this rule, the court concludes the motion should be considered on its merits. For the same reasons previously stated, the court reaches this conclusion by noting that "[i]n exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities." *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, No. 07-2463, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008).

*B. Waiver of Privilege by Individual Defendants*

First, defendants and Baker & McKenzie argue the Magistrate Judge erred by finding the individual defendants had impliedly waived the attorney-client privilege and work-product protection. In finding so, the Magistrate Judge stated:

> In this case, the individual defendants, having filed a defective Motion to Quash the subpoena and having been advised of the defects by the Court's Order to Show Cause (Doc. 467), failed to act to correct the deficiencies in their Motion to Quash. Being represented by separate counsel, these defendants must have known that their failure to comply with the Court's Order to Show Cause would result in a denial of their Motion to Quash. And, because their motion raised the issue of attorney-client privilege, they also knew that if that motion were denied, they would no longer be entitled to claim the existence of an attorney-client privilege or protection under the work product doctrine. *This inaction by the individual defendants clearly fits within the definition of a waiver, and the Court finds that the individual defendants have therefore waived any claim to attorney-client privilege or protection as work product.*

Dkt. No. 923, pgs. 5-6 (emphasis added). The Magistrate Judge defined "waiver" as, "[t]he intentional or voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right . . . ." Dkt. No. 923, pg. 5 (quoting BLACK'S LAW DICTIONARY (Fifth Ed.).

Waiver of attorney-client privilege is governed by state law, while waiver of the work product protection is governed by federal law. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998). The only statutory provision relating to waiver of privilege in Kansas governs "waiver of privilege by contract or previous disclosure." *See* KAN. STAT. ANN. § 60-437 (2010).[3] However, waiver of privilege may be founded on delay or inaction in asserting a known

---

[3] Kan. Stat. Ann. § 60-437 provides:
A person who would otherwise have a privilege to refuse to disclose or to prevent another from disclosing a specified matter has no such privilege with respect to that matter if the judge finds that such person of any other person while the holder of the privilege has (a) contracted with a party against whom the privilege is claimed that he or she would not claim the privilege or, (b) without coercion,

7

right, such as the case at hand. Defendants' dilatory behavior in responding to the Receiver's subpoena presents a quintessential case of implied waiver. First, defendants filed blanket objections to the subpoena asserting privilege and work product protection without specifically showing why they claimed any of the documents were privileged or work product. Second, defendants failed to respond to the Magistrate Judge's show cause order. Again, several months passed and the Receiver was forced to file a motion to compel, to which defendants did not respond. Finally, defendants filed their present motion to review. In a different context the Kansas Court of Appeals has recognized that "'[a]n implied waiver may arise where a person has pursued such a course of conduct as to evidence an intention to waive a right, or where his conduct is inconsistent with any other intention than to waive it.'" *State v. Curtis*, 42 Kan. App.2d 132, 142, 209 P.3d 753, 760 (2009) (holding state waived its right to pursue probation violation due to a lengthy delay) (quoting BLACK'S LAW DICTIONARY 1611-12 (8th ed. 2004)). Such deliberate inaction in failing to respond evidences a clear intention to waive their ability to claim privilege or work product protection. Given these circumstances, and the legal foundations described above, the Magistrate Judge's finding was not clearly erroneous or contrary to law.

Defendants fail to cite any contrary authority holding waiver may not be predicated on inaction and delay. The few cases defendants do cite relate to implied waiver of privilege when a party discloses privileged material or puts privileged communication at issue. *See, e.g.*, *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16 (1st Cir. 2003); *In re von Bulow*, 828 F.2d 94 (2d Cir. 1987); *Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v.*

---

or without trickery, deception, or fraud practiced against him or her, and with knowledge of the privilege, made disclosure pf any part of the matter or consented to such disclosure made by anyone.
*Id.*

*Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589 (N.D. Fla. 2010). The Magistrate Judge did not base defendants' waiver on whether they put a privileged communication at issue, so this court need not address it. Nevertheless, because the parties raise this issue, the court notes that defendants' waiver could have been based on this ground as well. "When a party puts a privileged matter in issue as evidence in a case, it hereby waives the privilege as to all related privileged matters on the same subject." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2016.6 (3d ed. 2010). Defendants have placed in issue whether they received advice from the Firm about the investments, securities, and entities in this case. *See* Dkt. No. 767, pg. 9 ("In this case, the total reliance upon Baker & McKenzie should mitigate significantly the imposition of any penalties. As far as [individual defendants] were concerned, they were following the recommendations and instructions of a large reputable law firm and particularly its securities expert Mr. Joel Held."). Defendants may not assert advice of counsel as a defense, yet claim privilege to foreclose discovery on whether or not it is true. This would be an abuse of the attorney-client privilege by improperly using it as a sword and shield. *See In re Keeper of Records*, 348 F.3d at 24 (stating, "[i]mplying a subject matter waiver in such a case [when party puts advice of counsel at issue] ensures fairness because it disables litigants from using the attorney-client privilege as both a sword and a shield"); *cf. Frontier Refining, Inc.*, 136 F.3d at 704 (stating "a litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion"). These principles apply with equal force here, even with both Baker & McKenzie and defendants seeking to withhold the documents.

The Magistrate Judge did not err when he concluded defendants impliedly waived their

9

ability to assert the attorney-client privilege and work product protection by failing to act. Further, defendants waived the attorney client privilege and work product protection by placing the advice of counsel at issue.

*C. Adoption of the "Entire File Approach"*

Baker & McKenzie asserts an independent right to claim work product protection, even if the individual defendants waived that protection, which, as noted above, is an issue of first impression in this district. When resolving this issue, other courts have adopted one of two different approaches, the "entire file approach" or the "end product approach." Baker & McKenzie argues the court must follow the end product approach, in which a client is not entitled to preliminary documents used by the lawyer to reach the end product, such as internal legal memoranda, preliminary drafts of pleadings, and other preliminary documents. Under the entire file approach, advocated by the Receiver, there is a presumption that a client may have access to an attorney's entire file on the matter. Judge Bostwick held that the entire file approach "is the better rule" and ordered Baker & McKenzie to turn over all documents covered by the subpoena. Dkt. No. 923, pg. 12. In doing so he stated "a law firm should not have an independent right to prevent production of its work product, even opinion work product, when the interests of the former client and the law firm are not aligned, and the interests of the former client show a compelling need for production of the information." *Id.* pgs. 12-13. This court agrees with Judge Bostwick's conclusion that the entire file approach is the better rule, and holds that Judge Bostwick's decision was correct, *i.e.*, not clearly erroneous or contrary to law.

In adopting the entire file approach, Judge Bostwick cited *Sage Realty Corp. v. Proskauer*

*Rose Goetz & Mendelsohn, L.L.P.*, which concluded the entire file approach is the majority position and sounder view. 689 N.E.2d 879, 881-82 (N.Y. 1997). He also cited several other federal cases from other jurisdictions adopting the entire file approach. *See In re Subpoenas Served Upon the Law Firm of Snow, Christensen & Martineau*, No. 2:08 mc 675 DB, 2008 WL 5191420 (D. Utah Dec. 10, 2008); *M and C Corp. v. Erwin Behr GmbH and Co.*, No. 91-CV-74110, 2008 WL 3066143 (E.D. Mich, Aug. 4, 2008); *Polin v. Wisehart & Koch*, No. 00CIV9624, 2002 WL 1033807, at *2 (S.D.N.Y. May 22, 2002); *Martin v. Valley Nat'l Bank of Ariz.*, 140 F.R.D. 291, 320-21 (S.D.N.Y. 1991); *Resolution Trust Corp. v. H—, P.C.*, 128 F.R.D. 647 (N.D. Tex. 1989). Baker & McKenzie has cited several cases in support of its end product approach argument. *See In re ANR Advance Transp. Co., Inc.*, 302 B.R. 607 (E.D. Wis. 2003); *Catino v. Travelers Ins. Co., Inc.*, 136 F.R.D. 534, 539 (D. Mass. 1991); *Fed. Land Bank of Jackson in Receivership v. Fed. Intermediate Credit Bank of Jackson*, 127 F.R.D. 473, 478-80 (S.D. Miss. 1989); *First Wis. Mortg. Trust v. First Wis. Corp.*, 86 F.R.D. 160, 167 (E.D. Wis. 1980); *Corrigan v. Armstrong, Teasdale, Schlafly, Davis & Dicus*, 824 S.W.2d 92, 98 (Mo. Ct. App. 1992).

Judge Bostwick appropriately concluded the entire file approach is a sounder rule and better suited for this case. As the *Sage* court concluded, "a majority of courts and State legal ethics advisory bodies considering a client's access to the attorney's file in a represented matter, upon termination of the attorney-client relationship, where no claim for unpaid legal fees is outstanding, presumptively accord the client full access to the entire attorney's file of a represented matter with narrow exceptions." 689 N.E.2d at 881. This rule has also been adopted by the Restatement (Third) of Law Governing Lawyers § 46(2) (2000), which provides: "On request, a lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer relating to the

representation, unless substantial grounds exist to refuse."

The main purpose of the work product doctrine is "to safeguard the efforts of the attorney on behalf of his client by preventing an adversary counsel from obtaining a free ride on the work of the attorney. The point of the rule is to protect the integrity of the adversary process." *Martin*, 140 F.R.D. at 320 (citing *United States v. Nobles*, 422 U.S. 225, 238-39 (1975)); *see also In re Subpoenas Served Upon the Law Firm of Snow, Christensen & Martineau*, 2008 WL 5191420, at *2. Even the language of Fed. R. Civ. P. 26(b)(3) limits its scope to efforts by one party to obtain documents from another party. In pertinent part, the Rule states:

> **(A)** *Documents and Tangible Things*. Ordinarily, *a party* may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by *or for another party* or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>     (I) they are otherwise discoverable under Rule 26(b)(1); and
>     (ii) the party shows that it has substantial need for he materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A)(i)-(ii) (emphasis added). The explicit language of the Rule does not allow an attorney to withhold documents from her client and, in fact, it does not even contemplate this specific situation. The work product doctrine is not applicable "to an attorney's efforts to withhold the fruits of his professional labors from the client, who presumably paid for and was the intended beneficiary of those labors." *Martin*, 140 F.R.D. at 320; *see also Resolution Trust Corp.*, 128 F.R.D. at 649 ("'[T]he work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation.'") (quoting *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982)).

Judge Bostwick also correctly determined, consistent with the majority rule, that when a

12

client's and attorney's interests are not aligned, the client's interest must prevail. *See Polin*, 2002 WL 1033807, at *2 (involving client suing former law firm and seeking documents); *Martin*, 140 F.R.D. at 320-21 (involving client requesting release of documents in connection with other litigation).That the individual defendants have not requested Baker & McKenzie to produce any work product to the Receiver does not change the result. The propriety of the entire file approach does not hinge on a demand by the former client. In fact, two recent federal courts have ordered production of work product documents in cases in which there was no demand by the former client. *See In re Subpoenas Served Upon the Law Firm of Snow, Christensen & Martineau*, 2008 WL 5191420, at *3; *M & C Corp.*, 2008 WL 3066143, at *3.

It is clear the individual defendants' interests and Baker & McKenzie's interests are not aligned. Defendants have explicitly asserted reliance on counsel's advice in opposing the penalties the SEC seeks in this case. *See* Dkt. No. 767, at pg. 9 ("In this case, the total reliance upon Baker & McKenzie should mitigate significantly the imposition of any penalties. As far as [individual defendants] were concerned, they were following the recommendations and instructions of a large reputable law firm and particularly its securities expert Mr. Joel Held."); *see also* Dkt. No. 723-1, at pgs. 2-11 (outlining alleged advice given by Baker & McKenzie and relied upon by defendants). Defendants have squarely placed at issue the advice received from Baker & McKenzie concerning the formation of the joint ventures and their operation in relation to the pending claims in this case. On the other side of the coin, Baker & McKenzie has denied it gave an opinion that investment in the joint ventures would not be deemed an investment in securities or that it gave an opinion that sale of the joint ventures would qualify as a private placement. The firm alleges defendants decided to create the joint ventures and other entities on their own without the advice of its counsel. Thus, as

Judge Bostwick correctly found, the individual defendants and Baker & McKenzie have opposing interests. Allowing Baker & McKenzie to assert a claim of work product protection would permit the individual defendants to claim advice of counsel to mitigate the claims and damages the SEC seeks against them, while allowing them to conceal whether or not mitigation is appropriate. Such a result should not be permitted. *See Frontier Refining, Inc.*, 136 F.3d at 704.[4]

Within the parameters of the entire file approach, some courts have recognized two types of documents that need not be disclosed to the client. *See Sage*, 689 N.E.2d at 883. *Sage* found a law firm "should not be required to disclose documents owed to a third party, or otherwise imposed by law." *Id.* "Additionally, nonaccess would be permissible as to firm documents intended for internal law office review and use." *Id.* Judge Bostwick found no such documents in the first category existed based on the present record. He also specifically directed Baker & McKenzie to produce all attorney work product, even if the documents were for internal law office use and review. In finding so, he noted that other courts interpreting *Sage* have concluded it "does not exclude opinion work product from production to a client." *Polin*, 2002 WL 1033807, at *3. That conclusion was not clearly erroneous or contrary to law. Because the overall emphasis of the entire file approach turns on the needs of the client, requiring disclosure of all work product, including opinion work product, best

---

[4]Even the cases loosely favoring the end product approach recognize the work product doctrine exists to protect the interest of the adversary system and not necessarily to protect any specific person—plaintiff, defendant, or counsel. *See, e.g.*, *In re Advance Transp. Co., Inc.*, 302 B.R. at 616 (finding client was entitled to discover work product documents because withholding such information would prevent the client from discovering whether or not the attorney had effectively represented it). The cases also generally hold that law firms are not entitled to protection when the advice of counsel is at issue. *See id.* at 617 ("When the advice of counsel is at issue as, for example, where a party seeks to justify an action because it relied on such advice, work product immunity for documents containing that advice is overcome.").

serves the clients' needs in this situation, even though defendants have not requested such documents.

*D. Waiver of Work Product Protection by Baker & McKenzie*

In addition to adopting the entire file approach, Judge Bostwick also found Baker & McKenzie had waived any independent right to assert work product protection it may have had respecting disclosure of documents created for law office use and review. In finding waiver, Judge Bostwick found that Baker & McKenzie failed to follow the requirements of Fed. R. Civ. P. 45(d)(2) by providing a detailed description of any such documents and by failing to respond to the Order to Show Cause. Baker & McKenzie argues it has complied with Fed. R. Civ. P. 45(d)(2) by producing a privilege log to the Receiver on July 30, 2010, and any delay in producing the log was not its fault. *See* Dkt. No. 927, Ex. A. Further, Baker & McKenzie argues the Receiver (1) did not try to resolve the privilege issue after the firm raised its objections, (2) did not timely respond to the firm's objections or seek a privilege log, and (3) delayed seeking production by filing the Motion to Compel nine months after the court denied the Motion to Quash.

The Receiver served the subpoena on Baker & McKenzie on January 26, 2009. The Firm responded on February 2, and promised to respond to the subpoena by February 4, and create a privilege log by February 13. On February 4, the Firm served its responses and objections to the subpoena, which contained a series of objections, most based on privilege. The same day, Baker & McKenzie informed the Receiver it would not produce the documents until the court resolved the

individual defendants' Motion to Quash.[5] The firm did not respond to the Show Cause Order, and on June 9, 2009, it told the Receiver it would "make arrangements to have the requested documents made available for your copying" if the court denied the Motion to Quash. The court denied the Motion to Quash on September 18, yet Baker & McKenzie failed to make the documents available or produce a privilege log.[6] As a result, the Receiver filed the present Motion to Compel.

Baker & McKenzie did produce a privilege log on July 30, two weeks after the Receiver filed his Motion to Compel. However, the log was limited to the second production of documents. As Judge Bostwick noted, "the issues concerning production of documents in compliance with the subpoena have been ongoing for almost two years. Baker & McKenzie should not at this late date be able to go back and claim privilege for internal documents that could have been identified long ago." Dkt. No. 923, pg. 16, n.5. Baker & McKenzie's duty to create a privilege log arose regardless of its right to claim privilege. *See* FED. R. CIV. P. 45(2)(d)(A). The Rule provides:

---

[5]The full text of the letter provided:
I [Joel Held of Baker and McKenzie] have just received a Motion to Quash Subpoena filed by Mark Ayesh asserting that "all materials sought [by the subpoena] are subject to that [attorney-client] privilege." As a result, although we were fully prepared to send you the documents we promised, we feel it would be inappropriate at this time to do so without relief from the Court.
Dkt. No. 934, Ex. I.

[6]On June 22, 2010, Thomas Johnson, representing Baker & McKenzie, sent a letter to Ken Hickox, Jr., attorney for the Receiver. In pertinent part the letter provided:
    We intend to produce documents responsive to Requests 1 and 2 of the Subpoena later this week. Thereafter, we will produce other non-privileged and responsive documents on a rolling basis, as quickly as they are reviewed and prepared for production. Such documents can be produced for your review at Baker & McKenzie's Dallas office, or if you prefer, we will copy the documents at your expense.
    We disagree with the Receiver's assessment of the effect of the Court's denial of the motion to quash and the Receiver's claim that he has the authority to waive the attorney-client and work-product privileges on behalf of the individual defendants who were formerly represented by Baker & McKenzie. Unless we receive a waiver from each individual defendant or a court order requiring the production of such documents despite the absence of waivers, we cannot produce any documents that are protected by the attorney-client privilege or work product doctrine.
Dkt. No. 934, Ex. D.

16

> **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
> (i) expressly make the claim; and
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

FED. R. CIV. P. 45(d)(2)(A)(i)-(ii). Baker & McKenzie should have produced at privilege log soon after the Receiver issued the subpoena. The firm even promised to do so by February 2009. It cannot seek to punish the Receiver for filing a motion to compel later than he could have when its duty to provide a privilege log arose a year and a half prior to that time.

This court acknowledges that waiver is a harsh sanction, reserved only in cases of unjustified delay. *See White v. Graceland Coll. Cent. for Prof. Dev. & Lifelong Learning, Inc.*, 586 F. Supp.2d 1250, 1266 (D. Kan. 2008). That Baker & McKenzie belatedly filed a limited privilege log for some documents does not excuse its otherwise unjustified delay. *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200, 2006 WL 3694862, at *3 (D. Kan. Dec. 13, 2006) (finding waiver when privilege log was produced after the court was asked to rule on the issue); *Rural Water Sys. Ins. Ben. Trust v. Group Ins. Adm'rs, Inc.*, 160 F.R.D. 605, 607 (D. Kan. 1995) (finding waiver after 11-month delay in providing a privilege log after court issued order directing production of the documents). The Magistrate Judge's conclusion that Baker & McKenzie waived its right to assert work product protection for documents used for law office use and review was not clearly erroneous.

IT IS ACCORDINGLY ORDERED this 13th day of June, 2011, that defendants' Michael J. McNaul, Dale Lucas, Lloyd Nunns, and Gregg Krause's Motion to Review Order of Magistrate Judge (Doc. 923) and Application for Stay of Order Pending Review (Dkt. No. 925) and Baker &

McKenzie's Motion for Review of the Magistrate Judge's December 22, 2010, Memorandum and Order (Dkt. No. 926) are denied.

IT IS FURTHER ORDERED that Baker & McKenzie shall produce to the Receiver by July 11, 2011, all documents covered by the subpoena issued by the Receiver.

<pre>                                        s/ J. Thomas Marten                
                                        J. THOMAS MARTEN, JUDGE</pre>